# In the United States District Court for the Southern District of Georgia Brunswick Division

PHILIP F. FISHER,

    Petitioner,

v.

WARDEN, FCI JESUP,

    Respondent.

2:24-cv-122

### ORDER

The Magistrate Judge issued a Report and Recommendation for the Court to grant in part and deny in part Respondent's Motion to Dismiss and to dismiss without prejudice Petitioner Philip Fisher's ("Fisher") Second Chance Act claims based on his failure to exhaust administrative remedies. Dkt. No. 20. Respondent has filed Objections to the Report and Recommendation. Dkt. No. 21.

Respondent contests the Magistrate Judge's determination that Respondent failed to show Fisher exhausted his administrative remedies as to his First Step Act claims.[1] Respondent's Objection is two-fold: first, the evidence shows Fisher failed to exhaust his administrative remedies because he did not comply with the Bureau of Prisons' ("BOP") rules and procedures; and second, Fisher failed to meet his burden to show that administrative remedies

---

[1] Respondent does not otherwise object to the Report and Recommendation. Dkt. No. 21.

were unavailable.  Id. at 1.  In support of this Objection, Respondent submits a second declaration from Jason White, an attorney with the BOP's Atlanta Regional Office, as well as other attachments not presented before the Magistrate Judge.  In addition, Respondent notes the Magistrate Judge accurately observed that Respondent had not responded to Fisher's argument about the unavailability of administrative remedies.  Id. at 5.  Respondent now wishes to address this argument but recognizes the Court has discretion to consider new evidence argument raised in objections to a Report and Recommendation.  Id. & at n.3.

The Court exercises its discretion and declines to consider the new evidence and argument Respondent raises in his Objections.  Respondent's presentation in his Objections is different enough from what he presented to the Magistrate Judge that the Court cannot decide the exhaustion issue anew or differently without a response from Fisher.  And Respondent has not shown that the Magistrate Judge's Recommendation was contrary to law or that the Magistrate Judge made any clear error, based on the record that was presented to the Magistrate Judge.

Thus, after an independent and de novo review of the entire record before the Magistrate Judge, the Court **OVERRULES** Respondent's Objections and **CONCURS WITH** and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court.  I **GRANT in part** and **DENY in part** Respondent's Motion to Dismiss and

2

**DISMISS without prejudice** Fisher's Second Chance Act claims based on his failure to exhaust his available administrative remedies.

**SO ORDERED**, this ___29___ day of September, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA