# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

PHILIP F. FISHER,

      Petitioner,

    v.

WARDEN, FCI JESUP,

      Respondent.

2:24-cv-122

## ORDER

The Magistrate Judge issued a Report and Recommendation for the Court to grant Respondent's Motion to Dismiss and deny as moot Petitioner Philip Fisher's ("Fisher") Amended Petition based on 28 U.S.C. § 2241.  Dkt. No. 32.  Fisher has filed Objections to the Report and Recommendation.  Dkt. No. 33.

In his Objections, Fisher states that his First Step Act ("FSA") claim is not moot because he remains in custody and the disputed credit calculation continues to affect the duration of his custody.  Id. at 2, 3.  Fisher also contends that the Magistrate Judge misstates the relief Fisher seeks in his Amended Petition and improperly treats Fisher's claim regarding misapplied credits as a new claim.  Id. at 2.

Contrary to Fisher's assertions, the Magistrate Judge correctly notes the relief Fisher seeks through his Amended

Petition: application of earned FSA credit and placement in a residential re-entry center. Dkt. No. 32 at 3; Dkt. No. 15 at 8. Because the Court can no longer provide Fisher with his requested relief based on his placement in a residential re-entry center, his Amended Petition is indeed moot.

And Fisher seems to misunderstand the impact of the FSA credits he seeks, as the FSA allows the Bureau of Prisons ("BOP") to advance a prisoner's move to pre-release custody, not outright release from custody, based on the application of these credits. See 18 U.S.C. §§ 3632 & 3624(g).[1] Even if the BOP were required to recalculate Fisher's FSA credits, this recalculation would not result in his earlier release from *custody*, which appears to be what Fisher raises in his Objections. Fisher, however, has received all FSA credits for his release from custody to supervised release that he can. Fisher's projected release date from custody, via good conduct credits, is May 13, 2028, and his projected release date from custody, via FSA credits, is May 14, 2027—a difference of 365 days. Dkt. No. 32 at 1-2 (citing Dkt. No. 27-1 at 5). Because Fisher's sentence has a supervised release component, dkt. no. 27-1 at 5, he has received the maximum amount of FSA credits for his release from custody. 18 U.S.C. § 3624(g)(3) ("If the sentencing court included as a part of the

---

[1] The Court already dismissed without prejudice Fisher's Second Chance Act claims, as Fisher did not exhaust his administrative remedies as to these claims. Dkt. Nos. 20, 22.

prisoner's sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment[,] . . . the prisoner [may] begin any such term of supervised release, not to exceed 12 months, based on the application of time credits under" the FSA.). Placement in a residential re-entry center is a form of prerelease *custody*, not release from BOP custody. <u>Id.</u> § 3624(g)(2) (identifying the types of prerelease custody as home confinement and placement in a residential re-entry center). So, even if Fisher's FSA credits were recalculated his projected release date would not change, given that he has already received the maximum benefit. And he would not enter prerelease custody any sooner because he is already in prerelease custody. Fisher's Objections are, therefore, unconvincing.

After an independent and de novo review of the entire record before the Magistrate Judge, the Court **OVERRULES** Fisher's Objections and **CONCURS WITH** and **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court. I **GRANT** Respondent's Motion to Dismiss and **DENY as moot** Fisher's Amended Petition. Dkt. Nos. 15, 27. I **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate

judgment of dismissal and **DENY** Fisher leave to appeal *in forma pauperis*.

     **SO ORDERED**, this __2__ day of July, 2026.

                    _____
                    HON. LISA GODBEY WOOD, JUDGE
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF GEORGIA